

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONATHAN MARTINEZ, On behalf Of himself and on Behalf of Similarly Situated Individuals 4909 Manitoba Drive Alexandria, VA 22312<br><br>Plaintiff<br><br>v.<br><br>INTERNATIONAL GOURMET FOODS, INC.<br><br>SERVE: Law Offices of T. Michael Jankowski, PLLC 1800 Diagonal Road, Suite 320 Alexandria, VA 22314<br><br>Defendant. | Civil Action No. 1:15cv1036 TSE/TCB<br><br>JURY TRIAL REQUESTED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Jonathan Martinez, ("Plaintiff") was a warehouse worker for a wholesale food distributor who was not paid the required overtime premium for hours worked over forty in each workweek. Plaintiff brings this action on behalf of himself and all similarly situated individuals to recover unpaid overtime wages, liquidated damages and attorneys' fees from his former employer, International Gourmet Foods, Inc. ("Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

At all times alleged in this Complaint, Plaintiff was a victim of uniform pay practices and policies that deprived him of lawful wages in willful violation of the FLSA.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1337 (commerce), 28 U.S.C. § 1331 (federal question), and 29 U.S.C. § 216(b) (FLSA).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district, and Defendants' primary place of business is in this district.

## PARTIES

3. Plaintiff Jonathan Martinez is an adult resident of the City of Alexandria, Virginia.

4. Plaintiff was employed by Defendant within three years of the date of this filing.

5. The Defendant is a Virginia corporation with its headquarters at: 7520 Fullerton Road, Springfield, Virginia 22513. Its registered agent for service of process is: Law Offices of T. Michael Jankowski, 1800 Diagonal Road, Suite 320, Alexandria, Virginia 22314.

6. The Defendant is an "enterprise engaged in commerce," as defined in 29 U.S.C. § 203, that is engaged in the business of distributing specialty products to customers in the food service industry.

## FACTUAL ALLEGATIONS

7. Plaintiffs re-allege and incorporate the preceding and subsequent paragraphs as if fully set forth herein.

8. Defendant International Gourmet is a warehouse distributor of gourmet foods, providing and delivering products to clients across the US.

9. On information and belief, Defendants has an annual gross volume of sales made or business done of $500,000.00.

10. On information and belief, Defendant is engaged in interstate commerce within the meaning of the FLSA.

11. Plaintiff Jonathan Martinez began his employment at International Gourmet Foods, Inc. in Springfield, Virginia, on or about April 26, 2004. His position was warehouse worker, which he held until he voluntarily ended his employment on or about July 15, 2014.

12. At all relevant times, Plaintiff and similarly situated individuals were engaged in handling or otherwise working on goods or materials that were moved in or produced for interstate commerce.

13. At all relevant times, the Defendant controlled the hours that Plaintiff and similarly situated individuals worked, the manner in which they were paid, and the conditions of their employment.

14. Plaintiff's supervisor was Johnny Perez. Mr. Perez had the power to hire and fire the Plaintiff and similarly situated individuals.

15. At all relevant times, Defendants "employed" the Plaintiff and similarly situated individuals within the meaning of the FLSA.

16. At all relevant times, Plaintiff and similarly situated individuals were non-managerial, salaried employees, and not employed in any bona fide executive, administrative or professional capacity.

17. When he was hired, it was Plaintiff's understanding that he would be paid a salary that covered fifty hours of work per week.

18. Plaintiff typically worked Sunday, Monday, Tuesday from 10:00 pm to 8:00 am, and Wednesday 10:00 pm to 10:00 a.m., and Thursday 9:30 pm to 8:00 am.

19. Martinez worked an average of approximately 52.5 hours per week.

20. Between approximately July 26, 2012 and July 15, 2014, Martinez worked approximately 1,325 hours of overtime. With an overtime premium, he should have been paid approximately $8,000 in overtime pay for that time period.

21. At all relevant times, Defendant was aware that it was legally required to pay Plaintiff and similarly situated individuals an overtime premium of one half of their hourly rate for all hours worked in excess of forty (40) hours in any one workweek, as well as one and one half the hourly rate for hours worked over fifty (50).

22. The exact amount of hours worked by and wages owed to Plaintiff and similarly situated individuals will only be known through discovery.

23. Defendant employed Plaintiff as a warehouse worker and other warehouse workers at their warehouse facility in Virginia.

24. At all relevant times, Plaintiff's duties consisted of taking boxes down from shelves and delivering them to the loading dock. He left the boxes on the dock where they were uploaded onto trucks by other individuals.

25. Plaintiff was paid by check on a salaried bi-weekly basis, with an initial regular salary of $1,250 which was raised to $1,350 after March of 2013, with varying bonuses ranging from $3.38 to $7.94 to $12.98, and sometimes sometimes zero and sometimes more.

26. Plaintiff's hours, and payments made to Plaintiff for same, were centrally maintained and tracked on schedules and time sheets.

## CLAIMS UNDER THE FLSA

27. Plaintiff re-alleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

28. Plaintiff brings this action on behalf of himself and other similarly situated individuals to recover unpaid overtime compensation pursuant to the FLSA. For at least two

(2) years prior to the filing of this complaint, Defendant has had a policy and practice of not properly paying an overtime premium on its employees' wages.

29. Defendant has shown a reckless disregard for the FLSA's overtime requirements. Although Defendant had an obligation to make proper inquiry into their FLSA compliance obligations, it has failed to do so, or, having inquired, it ignored or willfully attempted to avoid its legal obligations.

30. Defendant has not acted in good faith with respect to the failure to pay overtime compensation. Defendant had no legitimate reason to believe its actions and omissions were *not* a violation of the FLSA, thus entitling Plaintiff and similarly situated individuals to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

### Collective Action Allegations

31. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

32. Plaintiffs and similarly situated individuals were subject to a common plan or policy that deprived them of overtime wages.

33. On information and belief, the policies described in Paragraphs 23-27 were implemented across Defendant's facilities.

34. Plaintiffs seek to certify a class of all Defendants' hourly employees who worked at or for any of Defendants' locations in the last three years.

### COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (29 U.S.C. § 201 *et seq.*)

35. Plaintiff re-alleges and incorporates the preceding and subsequent paragraphs as if fully set forth herein.

36. Plaintiff and similarly situated individuals were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

37. Plaintiff and similarly situated individuals were "non-exempt" employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 213.

38. Defendant was an "employer" of Plaintiff and similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

39. The FLSA requires employers to pay non-exempt employees an overtime premium for hours worked in excess of forty (40) hours in any one workweek. 29 U.S.C. § 207(a)(1).

40. Defendants violated the FLSA by knowingly failing to pay Plaintiffs and similarly situated individuals an overtime premium rate for hours worked in excess of forty (40) hours in any one work week.

41. Defendants' violations of the FLSA were willful.

42. For its violations of the FLSA, Defendant is liable to Plaintiff and similarly situated individuals for unpaid overtime compensation, plus an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant, in Plaintiff's favor on all counts, and grant the following relief:

A. Award Plaintiff and all similarly situated individuals: unpaid overtime wages, and an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216;

B. Award Plaintiff his reasonable attorneys' fees, expenses and costs of court, pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

D. Any additional relief the Court deems just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs request a trial by jury of all issues so triable.

Date: August _____, 2015

Respectfully submitted,

/s/ _____
Virginia R. Diamond (VSB #20992)
Craig A. Brown, (VSB # 29385)
ASHCRAFT & GEREL, LLP
4900 Seminary Rd., Suite 650
Alexandria, VA 22311
Phone: (703) 627-5510
Fax: (703) 820-0630
Email: vdiamond@ashcraftlaw.com
*Counsel for Plaintiff*

7